they were required to replead the claims on which the court had granted summary judgment in order to preserve them for appeal.

We agree with the district court that the *London* rule only applies to amended complaints that follow upon dismissal with leave to amend, and not to those that follow summary judgment. Nonetheless, we have found no case drawing this distinction. Counsel were not required to risk forfeiting their client's right to appeal in order to avoid sanctions. BE & K's reading of *London* is not frivolous and, in the absence of authority on point, counsel's decision to err on the side of caution cannot be faulted.

\* \* \* \* \* \*

We conclude that a union can forfeit the statutory labor exemption even without combining with non-labor groups if the union acts outside its legitimate self-interest. While most of the unions' activities alleged here were protected by the statutory labor exemption, the lawsuits, permit protests and lobbying activities allegedly designed to make an example of BE & K may not have been. The district court therefore erred by precluding discovery into whether these means were intimately related to legitimate union ends. Nonetheless, the error was harmless because these petitioning activities were protected from antitrust liability under the *Noerr–Pennington* doctrine. We also reverse the award of sanctions against BE & K.

**AFFIRMED IN PART; REVERSED IN PART.**

SUBAFILMS, LTD.; The Hearst Corp., Plaintiffs–counter–defendants–Appellees,

v.

MGM–PATHE COMMUNICATIONS CO., fka MGM/UA Communications Co. and as United Artists Corporation; MGM/UA Home Video, Inc.; Warner Home Video, Inc.; Warner Bros. Inc., Defendants–counter–claimants–Appellants.

SUBAFILMS, LTD.; The Hearst Corp., Plaintiffs–Appellants,

v.

MGM–PATHE COMMUNICATIONS CO., fka MGM/UA Communications Co. and as United Artists Corporation; MGM/UA Home Video, Inc.; Warner Home Video, Inc.; Warner Bros. Inc.; United Artists Corporation, Defendants–Appellees.

Nos. 91–56248, 91–56379 and 91–56289.

United States Court of Appeals, Ninth Circuit.

July 26, 1994.

Before: D. W. NELSON, HALL, and RYMER, Circuit Judges.

**ORDER**

This case is remanded to the district court for further proceedings consistent with this circuit's opinion in *Subafilms, Ltd. v. MGM–Pathe Communications Co.*, 24 F.3d 1088 (9th Cir.1994) (en banc).